## SWIFT FERTILIZER WORKS *v.* PEACOCK.

1. The evidence demanded a verdict for the plaintiff for the full amount for which suit was brought, and the court erred in refusing to grant a new trial.
2. The plea of the defendant was not subject to the demurrer filed thereto.

Argued November 7, 1908.—Decided April 16, 1909.

Complaint. Before Judge Martin. Dodge superior court. June 18, 1908.

*J. P. Highsmith* and *Tye, Peeples, Bryan & Jordan,* for plaintiff.
*D. M. Roberts & Son,* for defendant.

HOLDEN, J. The plaintiff brought suit against the defendant on notes given for the purchase-money of guano bought from the plaintiff at $21.25 per ton, alleging that the defendant owed it the full amounts appearing on the face of the notes, less a credit of $255 for 12 tons of guano at the contract price, which the plaintiff failed to accept and receive upon its arrival. The defendant in his plea admitted the giving of the notes; but he contended, that he should have credit thereon for $425, the contract price for 20 tons at $21.25 per ton, instead of $255, the contract price of 12 tons, which latter amount was credited on the notes; that these 20 tons were shipped to one Walker and received by him too late for use, of which fact he notified the plaintiff, and that he could not accept the goods, and requested it to return "his notes for correction;" and that "plaintiff, after receiving defendant's notice,

took charge of the goods and actually sold them out." Upon the trial the jury allowed a credit on the notes for the contract price of 20 tons, and found for the plaintiff the balance sued for. A motion for a new trial was overruled, and the plaintiff excepted.

1. It appears from the testimony that the defendant bought from the plaintiff 40 tons of guano at $21.25 per ton, and gave his notes therefor. He ordered 20 tons to be shipped to one Walker. There is no evidence that the defendant did not deliver the guano to the carrier in time for it, in the ordinary course of transportation, to have reached Walker in ample time for use on the crops for the year for which it was intended. The notes were dated May 2, 1904. It appears from letters from the defendant to the plaintiff that he mailed the notes to the plaintiff on May 14, 1904. The shipment, which, according to a statement of Walker, was made March 26, 1904, did not arrive until May 9, 1904, and Walker wrote to the defendant he could not use the guano. The defendant sent the plaintiff a copy of this letter, and wrote as follows: "Eastman, Ga., May 14, 1904. Swift Fertilizer Works, Atlanta, Ga. Gentlemen:—Enclosed find letter received from J. L. Walker in regard to car of fertilizer I ordered from you some months ago. I mailed you three notes this morning, and since mailing same I received Mr. Walker's letter. I expect you to make claim against road for same, as it got to Mr. Walker too late for any use. Hoping that you will rectify this matter at once, I am very truly yours, L. M. Peacock." Walker used six tons of the guano on his crops, and sold two tons. The plaintiff took possession of the remaining 12 tons. The plaintiff having credited the defendant with the purchase-price of 12 tons, and he contending for a credit of the price of 20 tons, it will be observed that the difference between the amount claimed by the plaintiff and that admitted by the defendant to be due consists of the purchase-price of 8 tons, the amount which Walker used or sold. Walker was the person to whom the defendant ordered the 20 tons shipped, and to whom it was shipped and delivered. Walker took possession and disposed of 8 tons of the guano, and after this the plaintiff took possession of the remaining 12 tons and gave the defendant credit for the contract price thereof. As Walker, the person to whom the defendant ordered the goods shipped and delivered, and to whom they were shipped and delivered, put it out of the power of the plaintiff to

get the 8 tons, the defendant can not complain that the plaintiff does not give him credit for the purchase-price thereof. When Walker disposed of the 8 tons and put it out of the power of the plaintiff to get possession of the same, it was the same thing as if the defendant had done this; and when the defendant through the consignee disposed of the 8 tons and the plaintiff took possession of the remaining 12 tons, the proper and only legal adjustment of the matter between the parties is that the defendant should only have credit for the purchase-price of the twelve tons returned, and is liable to pay for the remaining 8 tons. The complaint of the defendant in his letter to the plaintiff was that the guano reached Walker "too late for any use." It appears, however, it did not reach Walker too late for the use of 8 tons. The defendant, through the consignee to whom he directed the goods shipped, received and used the 8 tons of guano; and if he is indebted therefor to any one, we see no reason why he is not thus indebted to the defendant instead of the plaintiff. The plaintiff did not consent for Walker to use any of the guano, after receiving the letter herein copied. After this letter was received, Walker stated in writing to the plaintiff that he had disposed of 8 tons, and notified the plaintiff where the remaining 12 tons were stored. The plaintiff found only 12 tons, which it took. The other 8 tons it could not take, because Walker, the person to whom it was delivered by direction of the defendant, had disposed of that amount, and the plaintiff should not be held responsible therefor. The court committed error in refusing to grant a new trial.

2. The plea filed by the defendant was not subject to the demurrer filed thereto, and the court committed no error in overruling such demurrer. *Judgment reversed. All the Justices concur.*